El Pueblo de Puerto Rico, apelado, *v.* José M. Betancourt Asencio, acusado y apelante.

*Número:* CR-79-96      *Resuelto:* 23 de diciembre de 1980

*Gustavo L. Marrero Irizarry* y *Gustavo L. Marrero Ledesma,* abogados del apelante; *Justo Gorbea Varona, Procurador General Interino,* y *Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

Un jurado declaró culpable al apelante por la comisión del delito de asesinato en segundo grado y de tres cargos por el delito de tentativa de asesinato. El tribunal de instancia le condenó a cumplir una pena de 10 a 13 años de presidio en el caso de asesinato y de 3 a 7 años en los de tentativa; todas a cumplirse concurrentemente. No conforme el apelante, interpuso apelación impugnando los veredictos condenatorios, porque, a su juicio, son contrarios a derecho y a la prueba, y porque la conducta del Ministerio Público en el proceso perjudicó sustancialmente sus derechos.

Estamos de acuerdo con el apelante en que no procedía la acusación y condena en tres cargos de tentativa de asesinato por el solo acto punible de disparar su revólver contra un grupo de personas. Únicamente procedía que se le procesara por un solo cargo de tentativa de asesinato. *Pueblo* v. *Matos Pretto,* 93 D.P.R. 113 (1966). El Procurador General, en su informe, se allana al planteamiento del apelante a este respecto. Procede, por lo tanto, revocar la sentencia en dos cargos de tentativa de asesinato.

La prueba de cargo revela que la noche de los hechos se celebraba una fiesta familiar en la casa del apelante. Varios

niños, entre ellos el hijo del apelante, salieron a caminar por la finca, pero algunos de ellos se cansaron y decidieron regresar. Por el camino se encontraron al apelante, quien preguntó por el resto del grupo. Le informaron que habían seguido caminando por la finca y subieron todos al vehículo que conducía el apelante para ir en la búsqueda de aquéllos. Ya en la finca, se dividieron en dos grupos para iniciar la búsqueda en la obscuridad de la noche. Oyeron de pronto el ruido de un automóvil que venía hacia una pendiente de la finca. El apelante corrió hacia su vehículo, sacó un revólver y se dirigió en dirección al automóvil, dio un alto y al no detener la marcha le disparó un primer tiro que hirió de muerte a uno de sus ocupantes. El vehículo retrocedió y el apelante volvió a disparar cinco tiros más.

Tanto en su alegato como en su competente exposición oral, el abogado del apelante sostuvo que no se había probado la intención específica de matar, ya que el hecho de apuntar y disparar un revólver no implicaba necesariamente una intención específica de matar o de causar daño. Su planteamiento se confronta fatalmente con lo dispuesto en el Art. 15 del Código Penal, 33 L.P.R.A. sec. 3062, que define la intencionalidad del delito así:

(a) Cuando el resultado ha sido previsto y querido por la persona como consecuencia de su acción u omisión; o

(b) Cuando el resultado sin ser querido ha sido previsto o pudo ser previsto por la persona como consecuencia natural o probable de su acción u omisión.

Y también por lo resuelto en *Pueblo* v. *Colón Soto*, 109 D.P.R. 545 (1980), y una larga cadena de casos.

El acto del apelante, al apuntar y disparar al automóvil en la obscuridad de la noche, sin que mediara provocación alguna o justa causa y excusa para ello, constituye, sin duda, un acto intencional suficiente para sostener la convicción por los delitos de asesinato en segundo grado y de tentativa de asesinato.

Hemos examinado la exposición narrativa de la prueba para considerar el señalamiento del apelante relacionado con dos expresiones del Ministerio Público que, a su juicio, acusan conducta impropia. Notamos que en ambas ocasiones el juez que presidió el proceso declaró con lugar las objeciones de la Defensa al respecto. Pero independientemente de ello, se trata de expresiones aisladas que no maculan el proceso ni privaron al apelante de un juicio justo e imparcial.

Se confirma la sentencia dictada en el caso de asesinato en segundo grado y se revoca la sentencia en dos cargos de tentativa de asesinato.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Rigau emitió voto particular.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Voto Particular del Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 23 de diciembre de 1980

Estoy conforme con la confirmación de la Sentencia en el caso de asesinato en segundo grado, pero no con la revocación de la Sentencia en dos cargos de tentativa de asesinato.

Según los hechos: "El apelante corrió hacia su vehículo, sacó un revólver y se dirigió en dirección al automóvil, dio un alto y al no detener la marcha le disparó un primer tiro que hirió de muerte a uno de sus ocupantes. El vehículo retrocedió y el apelante volvió a disparar cinco tiros más."

Entiendo que no se trata de un solo acto punible, sino de varios. El primer acto punible consiste en el primer disparo el cual le ocasionó la muerte a una persona. Luego de que el vehículo retrocedió, el apelante volvió a disparar. Disparó cinco tiros más. Entiendo que esta segunda acción por lo menos constituye otro acto punible.